UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LINDA MILLER, | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
|    *vs.* | ) | 1:09-cv-00616-JMS-DML |
| | ) | |
| NCO PORTFOLIO MANAGEMENT, INC., *et al.,* | ) | |
|    *Defendants.* | ) | |
| | ) | |

**ORDER**

Presently before the Court are three motions for judgment on the pleadings, one filed by each of the three Defendants here: NCO Portfolio Management, Inc. ("NCO"); Genesis Financial Solutions, Inc. ("Genesis"), and WebBank. [Dkts. 33, 35, 37.]

As alleged in the Complaint, allegations which the Court must accept as true for present purposes, *see N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citation omitted), NCO purchased charged-off debts for pennies on the dollar, including that of Plaintiff Linda Miller, and contracted with Genesis to collect them. [*See* dkt. 1 ¶¶ 5-6, 20, 25.] Regarding Ms. Miller's debt (the validity of which is not at issue), Genesis mailed Ms. Miller an offer to transfer 100% of her debt to a credit card to be opened up through WebBank, at no cost or interest to her. [*Id.* ¶25.][1] The offer also indicated that "[i]f you are not interested in obtaining a MasterCard to resolve your debt, but would like to establish a cash repayment plan instead, please call NCO Financial Services." [Dkt. 1-1 at 2.] Left unsaid in the offer—the focus of the present action—was that if Ms. Miller opened up a credit card with WebBank, Web-

---

[1] For each timely monthly payment received, the otherwise available credit limit on the card would increase in $50 increments from $0 to $500. [Dkt. 1-1 at 1.] Additional charges on the card would be subject to a variable interest rate. [*Id.*]

- 1 -

Bank would only need to pay NCO 20% of the outstanding debt to have NCO consider it fully resolved; WebBank could pocket the rest. [Dkt. 1 ¶38.]

Although Ms. Miller doesn't claim to have applied for the WebBank card, she claims that the offer that was directed to her violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Among other things, that act prohibits debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," *id.* § 1692e. Despite the apparent categorical nature of that prohibition, only material misrepresentations count. *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757 (7th Cir. 2009). And even literally true statements can fall within its ambit, if an "unsophisticated" consumer— through whose eyes all § 1692e claims are viewed—would need additional information to avoid succumbing to a misimpression. *Gammon v. GC Serv. Ltd. P'shp*, 27 F.3d 1254, 1257-58 (7th Cir. 1994) (finding actionable a "collection letter [that] appears to be cleverly drafted in order to insinuate what obviously cannot be stated directly").

Here, Ms. Miller argues that the offer she received impermissibly failed to disclose that NCO was, vis-à-vis WebBank, settling her debt for 20 cents on each dollar transferred to the WebBank credit card. According to her, Defendants were required to disclose the 20-80 split to comply with the regulations implementing the truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. Because, she says, the offer was materially incomplete under the TILA, it was also a material misrepresentation under the FDCPA.

As the Seventh Circuit has explained, however, the FDCPA doesn't constitute "an enforcement mechanism for other rules of state and federal law." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2007). It is therefore irrelevant whether or not the TILA required WebBank to disclose how much NCO was willing to accept to settle Ms.

Miller's debt. If Ms. Miller thinks the Defendants violated the TILA by not disclosing that information, she should sue under that statute. *Id.* at 474 ("If the Law Firm violated the Social Security Act, that statute's rules should be applied.").[2]

Because Ms. Miller has asserted no TILA claim, the only relevant question in this case—albeit one obscured through rather circuitous briefing—is whether the FDCPA itself required Defendants to affirmatively disclose the 20-80 split to avoid being misleading. On that crucial point, Ms. Miller hasn't found any helpful authority, and the Court knows of none. A debt collector need not affirmatively disclose how much it paid for a charged-off debt, nor how much it would be willing to settle that debt. Because the debtor remains obligated to pay the full value of the debt absent a settlement—which the debt collector is not required to offer—that information is, quite simply, none of the debtor's business. *Gully v. Van Ru Credit Corp.*, 381 F. Supp. 2d 766, 773 (N.D. Ill. 2005) ("[D]ebt collectors are not obligated to make…settlement offers, and debtors are not entitled to receive them. The FDCPA is not violated when a debtor does not settle his outstanding debt for the least amount of money.").[3] Indeed, as Defendants note here, the "settlement" terms among the Defendants implicate a "myriad of factors…including the certainty of payment and possible volume discounts." [Dkt. 43 at 10.]

---

[2] Defendants have argued that Ms. Miller lacks standing to pursue a TILA claim because she never applied for the WebBank credit card and, in any event, deny that they violated the TILA. The Court need not decide the standing issue, or whether the WebBank offer complied with the TILA, because Ms. Miller is clear that she isn't attempting to sue under TILA. [Dkt. 41 at 4 ("To be clear: plaintiff is only bringing an FDCPA claim.").]

[3] Of course, while a debt collector need not make any representations about the negotiating room that it has to settle a debt, any representations that it does make must be truthful. *Id.* at 772 ("There is a substantial difference between not disclosing the extent of one's settlement authority and misrepresenting that authority.").

The motions to dismiss [dkts. 33, 35, 37] are **GRANTED**. Even if all the facts in her complaint were true, Ms. Miller has nonetheless failed to state a claim upon which relief could be granted.

06/28/2010

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Daniel A. Edelman
EDELMAN COMBS LATTURNER & GOODWIN LLC
dedelman@edcombs.com

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLP
jschultz@sessions-law.biz

Thomas Everett Soule
EDELMAN COMBS LATTURNER & GOODWIN LLC
tsoule@edcombs.com

Dayle M. Van Hoose
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLP
dvanhoose@sessions-law.biz